UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NEHEMIAH JOEL WEAVER,<br><br>Defendant. | Case No.:  21-CR-2722-GPC<br><br>**ORDER:**<br><br>**1) AMENDING JUDGMENT;**<br><br>**2) DIRECTING PROBATION TO FILE AN ADDITIONAL REPORT; AND**<br><br>**3) SETTING HEARING TO DETERMINE FINAL RESTITUTION AMOUNT** |

On September 29, 2022, Defendant Nehemiah Joel Weaver ("Defendant" or "Weaver") pled guilty to aggravated identity theft charges. ECF No. 55. On July 6, 2023, Weaver was sentenced to a total of 46 months imprisonment and three years' supervised release and was ordered to pay $255,392.00 in restitution. ECF No. 84. Following Weaver's sentencing, the Government became aware of additional identify theft victims and requested this Court amend Weaver's restitution order under Federal Rule of Criminal Procedure ("Rule") 35(a). On July 19, 2023, the Court held a hearing where the

1

Government, relying on Rule 35(a), asked the Court to amend the judgment to expand the period of time to award restitution to other aggravated identity theft victims. ECF No. 86. The Court permitted the parties to brief the issues raised by the request and following briefing, amended the judgment on July 20, 2023 to add the language "[a]s to any other identity theft victims entitled to restitution under 18 U.S.C. §§ 3663, 3664, the determination of restitution is deferred until October 19, 2023. An amended judgment will be entered after such determination." ECF No. 89 at 6. In this Order, the Court sets out the reasoning for **GRANTING** the Government's request to amend Weaver's final judgment.

## BACKGROUND FACTS

On September 17, 2021, the Government filed a sixty-count indictment charging Defendant Nehemiah Weaver with bank fraud, mail fraud, wire fraud and aggravated identity theft. ECF No. 1. The charges included 56 counts alleging Weaver had used the identity of victims to commit the charged crimes. *Id*. Weaver pled guilty to bank fraud (count 4), mail fraud (count 11), wire fraud (count 41), and aggravated identity theft (counts 6-10, 26-40, and 49-56). ECF No. 55 (plea agreement). The Plea Agreement included a Financial Addendum, which notified Weaver that he was pleading guilty to charges that required an order from the Court pursuant to 18 U.S.C. § 3663A and mandated Defendant make restitution to the victims of the offenses of conviction or the estates of the victims. ECF No. 55-1 (financial addendum). It estimated restitution in the amount of "at least" $225,392 but noted that Defendant understood that this was an estimate based on currently available information and that the individual identity theft victims may seek additional restitution and that the Court may impose restitution of any amount. *Id*. at 3-4. Also, Weaver was notified that the Government had a "duty to provide complete and accurate facts to the [] court and to the U.S. Probation Office to calculate restitution." *Id*. at 4.

On November 29, 2023, the U.S. Probation Office filed a Presentence Investigation Report, which included a Victim Impact section. ECF No. 61, "PSR" ¶¶ 33-37. The PSR stated that the Victim Witness Coordinator, along with the U.S. Attorney's Office, had identified 16 victims, but that as of the date of the PSR, no victim statements had been received from any of the victims. PSR ¶ 35. The Government filed a sentencing memorandum on June 28, 2023 wherein it recommended restitution in the total amount of $225,392 payable in specified sums to the State of California Employment Development Department, State of Arizona Department of Economic Security, and University of Michigan Credit Union. ECF No. 82 at 7.

Neither the Government nor the U.S. Probation Office supplemented the record as to the filing of victim statements or requests for damages by any victim prior to or at the July 6, 2023 sentencing hearing.

## LEGAL STANDARD

In general, a court cannot modify a sentence once it has been imposed. *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011). However, Federal Rule of Criminal Procedure 35(a) states that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Clear error means "errors which would almost certainly result in a remand of the case to the trial court for further action." Fed. R. Crim. P. 35(a) advisory committee's note to 1991 amendment.

## DISCUSSION

**1. Rule 35(a) Clear Error**

Pursuant to 18 U.S.C. § 3663A, restitution in this case is mandatory under the Mandatory Restitution Act of 1996 and is required for all identifiable victims. Restitution is applicable to any victim "directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered . . . ." 18 U.S.C. §

1  3663A(a)(2).  Further, § 3663A states that "[a]n order of restitution under this section
2  shall be issued and enforced in accordance with section 3664." 18 U.S.C. § 3663A(d). §
3  3664(a) states:

> For orders of restitution under this title, the court shall order the probation officer to obtain and include in its presentence report, or in a separate report, as the court may direct, information sufficient for the court to exercise its discretion in fashioning a restitution order. The report shall include, to the extent practicable, a complete accounting of the losses to each victim, any restitution owed pursuant to a plea agreement, and information relating to the economic circumstances of each defendant. If the number or identity of victims cannot be reasonably ascertained, or other circumstances exist that make this requirement clearly impracticable, the probation officer shall so inform the court.

Here, the Court did not "order the probation officer to obtain and include in its presentence report, or in a separate report, . . . information sufficient for the court to exercise its discretion in fashioning a restitution order," and as a result, the Court did not provide a full accounting of restitution owed. 18 U.S.C. § 3664(a). Specifically, the Court was aware of the existence of additional victims identified in the charges Defendant pled to but did not follow the directives and procedures laid out by 18 U.S.C. §§ 3663, 3664. *See* PSR ¶ 35 ("According to the Victim Witness Coordinator, there were 16 victims identified in this offense."). Restitution is mandatory pursuant to the Mandatory Victim Restitution Act ("MVRA"), and under 18 U.S.C. § 3664(d)(5), the Court should have left undetermined the final restitution amount and set a date for final determination within 90 days of Weaver's sentencing. The Court did not, and instead imposed restitution in the amount of $255,392.00.

In sum, the Court committed clear error when it failed to inquire if additional victims were entitled to restitution prior to the sentencing hearing and failed to announce

its intention to rely on the § 3664(d)(5) provision permitting a court to set a final restitution hearing within 90 days of sentencing.[1]

Further, as more fully discussed in the next section, applying the reasoning in *Dolan v. United States*, 560 U.S. 605 (2010), the Court concludes that any failure to specifically invoke § 3664(d)(5) and the 90-day extension of time to determine victim losses does not divest the Court of the jurisdiction or authority to award restitution to victims who have recently requested restitution.

**2. 18 U.S.C. § 3663(d)(5) Provides 90 Days to Determine Victim Losses**

Alternatively, the policy underlying the MVRA supports this Court maintaining jurisdiction and authority to amend the restitution order to provide restitution to the victims who recently requested restitution. 18 U.S.C. § 3664(d)(5) provides in relevant part:

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to

---

[1] The Court is mindful of the fact that the drafters of Rule 35(a) defined clear error as "errors which would almost certainly result in a remand of the case to the trial court for further action." It is not clear whether the Government would have grounds to appeal given that they may have invited the error and it is not clear that a victim has standing to challenge the Court's failure to abide by § 3664. However, given its remedial purpose and the fact that the Mandatory Victims Restitution Act of 1996 did not exist at the time of the 1991 advisory committee note, there would be grounds to expand the definition of clear error to include a sentencing court's failure to abide by the requirements of § 3664.

      include such losses in the initial claim for restitutionary relief.

18 U.S.C.A. § 3664(d)(5).

  In *Dolan*, the U.S. Supreme Court held that a sentencing court that misses the 90–day deadline nonetheless retains the power to order restitution beyond the 90-day period where the court has made clear prior to the deadline's expiration that it would order restitution. *Dolan v. United States*, 560 U.S. 605, 611 (2010). In a 5-4 decision, the majority in *Dolan* reasoned that the 90-day deadline is a time-related directive that is legally enforceable but does not deprive the judge the power to take the action even if the deadline is missed. *Id.* Justice Breyer observed that the statute placed great emphasis on the importance of imposing restitution upon those convicted of certain federal crimes and contained procedural provisions that aimed to help crime victims secure prompt restitution, not to provide defendants with certainty as to the amount of their liability. *Id.* at 612. A reading of §3663A which deprived the sentencing court of the power to order restitution would harm the victims, who likely bear no responsibility for the deadline's being missed and whom the statute seeks to benefit.[2] *Id.* at 613-14.

  Similarly, the Ninth Circuit has recognized that the 'intended beneficiaries' of the MVRA's procedural mechanisms 'are the victims, not the victimizers.'" *United States v. Moreland*, 622 F.3d 1147, 1171 (9th Cir. 2010) (quoting *United States v. Grimes*, 173 F.3d 634, 639 (7th Cir. 1999)). As such, courts have amended restitution amounts post-judgment even when the court did not invoke the 90-day waiting period, so long as the defendant was not prejudiced. *See e.g.*, *United States v. Delahanty*, 836 Fed. Appx. 542,

---

[2] In a vigorous dissent, Justice Roberts found the Government could not merely ask a court to impose the correct sentence after the 90-day deadline. However, he acknowledged that if the error was clear then Rule 35(a) might be available to correct the error. *Dolan*, 560 U.S. at 623.

| | |
|---|---|
| 1 | 543-44 (9th Cir. 2020). A defendant is prejudiced when they lack notice that they might |
| 2 | owe restitution. *See id*.; *see also Moreland*, 622 F.3d at 1173. Here, Defendant's plea |
| 3 | agreement states that he will owe restitution of "at least $225,392.00." See ECF No. 55-1 |
| 4 | at 3. This is sufficient notice that Defendant Weaver was likely to owe more than the |
| 5 | amount stated. In addition, Weaver's plea agreement states that he will owe restitution |
| 6 | "to any person or institution" harmed by his criminal conduct. ECF No. 55-1 at 3. The |
| 7 | plea agreement lists three of Weaver's institutional victims, however, it is clear there |
| 8 | were individual victims as well. Thus, the Court finds Weaver is not prejudiced by the |
| 9 | amended judgment. |

## CONCLUSION

On July 20, 2023, exactly fourteen days after Weaver's sentencing hearing, the Court amended Weaver's judgment to set a hearing within 90 days of the original judgment to determine the final restitution amount. The Court **FURTHER DIRECTS** the probation officer to draft a separate report with "information sufficient for the court to exercise its discretion in fashioning a restitution order." 18 U.S.C. §3664(a). The Government shall provide the probation officer "with a listing of the amounts subject to restitution," (18 U.S.C. § 3664(d)(2)), and the probation officer shall follow the directives laid out in 18 U.S.C. §3664(d)(2). A hearing is set for this matter on **September 25, 2023**, at **2:30 p.m.** Probation shall file its report with the Court on or before **September 15, 2023**.

**IT IS SO ORDERED.**

Dated:  July 28, 2023

Hon. Gonzalo P. Curiel
United States District Judge